JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

ELLA SMITH

**(b)** County of Residence of First Listed Plaintiff   PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Sidney L. Gold, Esquire
Sidney L. Gold & Assoc., P.C.
1835 Market St., Suite 515 Phila., PA 19103 215-569-1999

## DEFENDANTS

JOHN HANCOCK LIFE INSURANCE COMPANY USA

County of Residence of First Listed Defendant   SUFFOLK
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
Plaintiff

☒ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                           *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*                    Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original
Proceeding

☐ 2   Removed from
State Court

☐ 3   Remanded from
Appellate Court

☐ 4   Reinstated or
Reopened

☐ 5   Transferred from
Another District
*(specify)*

☐ 6   Multidistrict
Litigation -
Transfer

☐ 8   Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA, FMLA, PHRA

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $
150,000.00 in excess

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE                                          DOCKET NUMBER

DATE
02/07/2020

SIGNATURE OF ATTORNEY OF RECORD
/S/ SIDNEY L. GOLD, ESQUIRE

**FOR OFFICE USE ONLY**

RECEIPT #              AMOUNT                 APPLYING IFP                 JUDGE              MAG. JUDGE

JS 44 Reverse (Rev. 06/17)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 6234 Pine Street, Philadelphia, PA 19143 _____

Address of Defendant: _____ 200 Clarendon Street, Boston, MA 02116 _____

Place of Accident, Incident or Transaction: _____ 6234 Pine Street, Philadelphia, PA 19143 _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | | |
|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☑ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☑ |

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 02/07/2020 _____ /s/ Sidney L. Gold, Esq. _____ 21374

*Attorney-at-Law / Pro Se Plaintiff* _____ *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A.* **Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

*B.* **Diversity Jurisdiction Cases:**

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, **SIDNEY L. GOLD, ESQUIRE** _____, counsel of record *or pro se plaintiff, do hereby certify:*

- ☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

- ☑ Relief other than monetary damages is sought.

DATE: 02/07/2020 _____ /s/ Sidney L. Gold, Esq. _____ 21374

*Attorney-at-Law / Pro Se Plaintiff* _____ *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 6234 Pine Street, Philadelphia, PA 19143

Address of Defendant: _____ 200 Clarendon Street, Boston, MA 02116

Place of Accident, Incident or Transaction: _____ 6234 Pine Street, Philadelphia, PA 19143

---

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 02/07/2020 _____   /s/ Sidney L. Gold, Esq. _____   21374
                              *Attorney-at-Law / Pro Se Plaintiff*       *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

| A. | *Federal Question Cases:* | B. | *Diversity Jurisdiction Cases:* |
|---|---|---|---|
| ☐ 1. | Indemnity Contract, Marine Contract, and All Other Contracts | ☐ 1. | Insurance Contract and Other Contracts |
| ☐ 2. | FELA | ☐ 2. | Airplane Personal Injury |
| ☐ 3. | Jones Act-Personal Injury | ☐ 3. | Assault, Defamation |
| ☐ 4. | Antitrust | ☐ 4. | Marine Personal Injury |
| ☐ 5. | Patent | ☐ 5. | Motor Vehicle Personal Injury |
| ☐ 6. | Labor-Management Relations | ☐ 6. | Other Personal Injury *(Please specify):* _____ |
| ☑ 7. | Civil Rights | ☐ 7. | Products Liability |
| ☐ 8. | Habeas Corpus | ☐ 8. | Products Liability – Asbestos |
| ☐ 9. | Securities Act(s) Cases | ☐ 9. | All other Diversity Cases |
| ☐ 10. | Social Security Review Cases | | *(Please specify):* _____ |
| ☐ 11. | All other Federal Question Cases | | |
| | *(Please specify):* _____ | | |

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, SIDNEY L. GOLD, ESQUIRE , counsel of record *or pro se plaintiff*, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: 02/07/2020 _____   /s/ Sidney L. Gold, Esq. _____   21374
                              *Attorney-at-Law / Pro Se Plaintiff*       *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| ELLA SMITH | : | CIVIL ACTION |
| v. | : | |
| JOHN HANCOCK LIFE INSURANCE COMPANY USA | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                              ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                       ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                                          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (☑)


| | | |
|---|---|---|
| 02/07/2020 | /s/ Sidney L. Gold, Esq. | PLAINTIFF |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 569-1999 | (215) 569-3870 | sgold@discrimlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ELLA SMITH,                          :
           **Plaintiff,**          :
      v.                         :     **CIVIL ACTION NO.**_____
                         :
JOHN HANCOCK LIFE INSURANCE          :
COMPANY USA,                         :
           **Defendant.**         :
_____       :

## COMPLAINT AND JURY DEMAND

**I.**     **PRELIMINARY STATEMENT:**

      1.      This is an action for an award of damages, attorneys' fees and other relief on

behalf of Plaintiff, Ella Smith ("Plaintiff Smith"), a former employee of Defendant, John

Hancock Life Insurance Company, USA ("Defendant"), who was harmed by Defendant's

discriminatory and retaliatory employment practices.

      2.      This action is brought under the Americans with Disabilities Act ("ADA"), 42

U.S.C. §12101 et seq., Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601, et seq., and

the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951 et seq.

**II.**     **JURISDICTION AND VENUE:**

      3.      The jurisdiction of this Court is invoked, and venue is proper in this district,

pursuant to 28 U.S.C. §§1331 and 1391 as Plaintiff Smith's claims are substantively based on the

ADA and FMLA.

      4.      The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C.

§1367 to consider Plaintiff Smith's claims arising under the PHRA.

      5.      All conditions precedent to the institution of this suit have been fulfilled and

Plaintiff Smith has satisfied all other jurisdictional prerequisites to the maintenance of this

action. On November 12, 2019, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission ("EEOC") and this action has been filed within ninety (90) days of receipt of said notice.

### III.   PARTIES:

6.      Plaintiff, Ella Smith ("Plaintiff Smith"), is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 6234 Pine Street, Philadelphia, Pennsylvania 19143.

7.      Defendant, John Hancock Life Insurance Company, USA ("Defendant"), is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, maintaining a place of business therein at 200 Clarendon Street, Boston, Massachusetts 02116.

8.      At all times relevant hereto, Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

9.      At all times material herein, Defendant has been a "person" and "employer" as defined by the ADA, FMLA, and PHRA, and has been, and is, subject to the provisions of each said Act.

10.     At all times relevant hereto, Plaintiff Smith was an "eligible employee" as defined under the FMLA and was entitled to the protection of the provisions of said Act.

### IV.   STATEMENT OF FACTS:

11.     Plaintiff Smith was employed by the Defendant from on or about May 22, 2017 until on or about March 6, 2019, the date of her unlawful termination.

12.     Throughout her employment, Plaintiff Smith held the position of Strategic Relationship Regional Manager. In said role, Plaintiff Smith was responsible for developing strategic relationships with advisors and sponsors, achieving retirement plan retention, and contributing to growth in revenue and assets.

13.     By way of background, Plaintiff Smith suffers from Sickle Cell Disease. Said medical condition constitutes a disability within the meanings of the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA") in that it substantially limits one or more of Plaintiff Smith's major life activities, including, but not limited to, normal cell development and cell function.

14.     Shortly after her hire, Plaintiff Smith disclosed her disability to Charles Reichelt ("Reichelt"), Regional Vice President of Sales, and Brittney Gould ("Gould"), Vice President, Strategic Relationship Manager. Plaintiff Smith also routinely disclosed her disability to her clients, which enabled her to serve them in the most effective manner possible. Plaintiff Smith's clients often expressed appreciation for her transparency.

15.     In or about September of 2017, Plaintiff Smith experienced debilitating symptoms associated with her disability, specifically, sickle cell crisis, which necessitated that she utilize medical leave for approximately two weeks.

16.     On or about May 21, 2018, the Defendant hired Jennifer White ("White") for the position of Divisional Vice President, and Plaintiff Smith began reporting directly to White.

17.     On or about May 25, 2018, while participating in a training, Plaintiff Smith experienced another sickle cell crisis, which necessitated that she utilize medical leave until on or about July 24, 2018.

18.     Prior to her return to work, Plaintiff Smith informed Defendant that her physician recommended that she refrain from traveling until August 24, 2018 and requested the same as a reasonable accommodation for her disability.

19.     Upon Plaintiff Smith's return to work from medical leave, the Defendant, through its agents, servants, and employees, including, but not limited to, White began subjecting Plaintiff Smith to discrimination based on her actual and/or perceived disability and/or record of impairment and retaliation for requesting a reasonable accommodation for her disability.

20.     By way of example, Plaintiff Smith returned to work only to discover that her access to Defendant's network systems was denied, thereby preventing her from working on her business plan.

21.     By way of further example, White questioned Plaintiff Smith's ability to assume additional responsibilities and adequately engage with her advisors based solely upon her erroneous perceptions of Plaintiff Smith as a disabled individual. Specifically, White continually claimed that Plaintiff Smith failed to "take ownership" of her advisors, despite the proven falsity of said allegation and the documented satisfaction of Plaintiff Smith's advisors.

22.     On or about August 21, 2018, Plaintiff Smith learned of alleged delinquency fees assessed on her company credit card incurred during her medical leave. Plaintiff Smith immediately contacted Procurement Client Support to resolve the matter, who suggested that Plaintiff Smith discuss waiver of the fees with her manager. White, however, refused to waive said fees and instead used the opportunity to berate Plaintiff Smith for the issuance of the fees, a matter over which Plaintiff Smith had no control.

23.     As further discrimination, during a one-on-one meeting on September 27, 2018, White unjustifiably criticized Plaintiff Smith's work performance during the first (Q1) and

second (Q2) quarters of the 2018 fiscal year and expressed her intention to document their conversation as a "performance issue." Significantly, White did not supervise Plaintiff Smith during said quarters, Plaintiff Smith's book of business was reorganized during the same time frame, and Plaintiff Smith also required time off during said quarters due to her disability.

24.     During the same meeting, White vaguely alluded to negative feedback with respect to Plaintiff Smith's performance, yet declined to identify any specific complaints. Plaintiff Smith suggested that White speak with Reichelt, Gould, and Bob Blumburg, ("Blumberg"), Interim Divisional Vice President, with respect to her performance, as said individuals could verify her history of success, but White declined without explanation.

25.     The following day, on or about September 28, 2017, White issued to Plaintiff Smith an unjustified performance improvement plan ("PIP").

26.     In response thereto, Plaintiff Smith discussed her concerns with the issuance of the PIP with John Fitzgerald ("Fitzgerald"), Senior Vice President, White's direct supervisor, and requested that he intervene. In response, Fitzgerald flatly declined to discuss the same with White.

27.     Thereafter, on or about October 8, 2018, Plaintiff Smith participated in a telephonic meeting with White, Fitzgerald, and Tricia Hayes ("Hayes"), Human Resources Representative, to discuss the PIP, during which Plaintiff Smith provided specific information and evidence to negate the allegations of poor performance contained therein. Nonetheless, Hayes informed Plaintiff Smith that the PIP would remain in effect. Moreover, White continued to criticize Plaintiff Smith for her numbers in Q1 and Q2, despite the aforesaid reorganization and Plaintiff Smith's medical leave.

28.     The following day, on or about October 9, 2018, White sent an email to Plaintiff Smith which drastically mischaracterized Plaintiff Smith's statements and conduct during the meeting the day prior. Plaintiff Smith responded by clarifying several points and correcting misstatements.

29.     Shortly thereafter, on or about October 16, 2018, White unjustifiably accused Plaintiff Smith of falsifying mileage on a reimbursement request. Only after Plaintiff Smith sent clarifying information, to which White already had access, was said reimbursement request approved. White did not similarly interrogate Plaintiff Smith's colleagues with respect to their reimbursement requests.

30.     On or about October 31, 2018, Plaintiff Smith suffered a sickle cell crisis which resulted in a four (4) day hospitalization. Plaintiff Smith's physician attributed the exacerbation of the symptoms associated with her disability to the stress she was experiencing as a result of White's discriminatory treatment at work.

31.     As a result of the continued harassment to which she was being subjected, on or about November 27, 2018, Plaintiff Smith spoke with Scott Francolini ("Francolini"), Senior Vice President, and requested reassignment to a new manager. During said conversation, Plaintiff Smith detailed her mounting anxiety due to White's discriminatory conduct and the aggravating effects thereof on her disability. Nonetheless, Francolini denied Plaintiff Smith's request for reassignment.

32.     On or about December 19, 2018, Plaintiff Smith participated in a one-on-one meeting with White to discuss Plaintiff Smith's performance and vision for the following year. During said meeting, White again raised the issue of the credit card delinquency fees during

Plaintiff Smith's medical leave and questioned whether Plaintiff Smith was "all in," thereby questioning Plaintiff Smith's dedication and ability due to her disability.

33.     The following week, on or about December 27, 2018, White sent an email to Plaintiff Smith which grossly mischaracterized their conversation on December 19, 2018. Accordingly, Plaintiff Smith responded by correcting the misrepresentations contained therein.

34.     Moreover, on or about December 28, 2018, Plaintiff Smith registered a formal complaint of disability discrimination with both White and Defendant's Human Resources department.

35.     Shortly thereafter, on or about January 3, 2019, Plaintiff Smith spoke with John Dorey ("Dorey"), Human Resources Representative, during which she reiterated her complaint of discrimination and cited specific instances of White's discriminatory conduct. Plaintiff Smith specifically informed Dorey of White's commentary regarding the duration of Plaintiff Smith's medical leave, White's unnecessary focus on long past delinquency fees, White's attempts to undermine Plaintiff Smith's efforts and micromanage her job duties, and the issuance of the retaliatory PIP. Plaintiff Smith further expressed her belief that White was attempting to paper her file to justify her termination.

36.     In response, however, Dorey vigorously defended White's conduct, flatly advised that Plaintiff Smith's PIP would not be revoked, and stated that White's assessment of Plaintiff Smith's job performance was all that mattered. Ultimately, Dorey failed to conduct an investigation into Plaintiff Smith's allegations of discrimination or take any remedial action.

37.     In a further act of discrimination, on or about February 5, 2019, White sent Plaintiff Smith a confrontational email accusing her of various deficiencies. As such, on or about February 10, 2019, Plaintiff Smith registered another complaint of discrimination with Reichelt

and requested reassignment to a new manager. However, Reichelt was unsuccessful in his attempt to address Plaintiff Smith's concerns and request.

38.     On or about February 26, 2019, Plaintiff Smith learned that her Q4 numbers as reported in Defendant's CRM system did not reflect her actual activity. As such, Plaintiff Smith contacted Colleen Casey ("Casey"), Director of Business Intelligence, in an effort to ensure the accurate reflection of her numbers. However, Casey merely directed Plaintiff Smith to White.

39.     As further discrimination and retaliation, on or about March 1, 2019, White issued Plaintiff Smith an "improvement required" rating on her year-end performance evaluation. Plaintiff Smith responded to the same by pointing out inaccuracies and expressing her belief that said document constituted a further attempt to justify her unlawful termination.

40.     Shortly thereafter, on or about March 6, 2019, the Defendant terminated Plaintiff Smith's employment, allegedly for failing to meet with a customer, without providing any evidence to support said allegation.

41.     Plaintiff Smith believes and avers that the Defendant's articulated reason for her termination is pretextual and that she was actually terminated based on her actual and/or perceived disability and/or record of impairment and/or in retaliation for requesting a reasonable accommodation for her disability and opposing unlawful discrimination in the workplace.

### COUNT I
### (ADA - Disability Discrimination, Retaliation)
### Plaintiff Smith v. the Defendant

42.     Plaintiff Smith incorporates by reference paragraphs 1 through 41 of this Complaint as though fully set forth at length herein.

43.     The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Smith to discrimination on the basis of her actual and/or perceived disability

and/or record of impairment, and retaliating against Plaintiff Smith for requesting a reasonable accommodation for her disability and opposing unlawful discrimination in the workplace, constituted violations of the ADA.

44.     As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Smith sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

45.     As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Smith suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

### COUNT II
### (PHRA - Disability Discrimination, Retaliation)
### Plaintiff Smith v. the Defendant

46.     Plaintiff Smith incorporates by reference paragraphs 1 through 45 of this Complaint as though fully set forth at length herein.

47.     The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Smith to discrimination on the basis of her actual and/or perceived disability and/or record of impairment, and retaliating against Plaintiff Smith for requesting a reasonable accommodation for her disability and opposing unlawful discrimination in the workplace, constituted violations of the PHRA.

48.     As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Smith sustained permanent and irreparable harm, resulting in the loss of her employment, which caused

her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning

power, plus back pay, and front pay and interest due thereon.

49.    As a further direct result of the aforesaid unlawful discriminatory and retaliatory

employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Smith

suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

**COUNT III**
**(FMLA Retaliation)**
**Plaintiff Smith v. the Defendant**

50.    Plaintiff Smith incorporates by reference paragraphs 1 through 49 of this

Complaint as though fully set forth at length herein.

51.    The actions of the Defendant, in retaliating against Plaintiff Smith for exercising

her rights under the FMLA, as described herein above, violated the FMLA.

52.    The aforesaid actions of the Defendant were willful, malicious, wanton, in

bad faith and in reckless disregard of Plaintiff Smith's rights.

53.    As a direct result of the willful, wanton, reckless, careless and negligent

acts of the Defendant, as aforesaid, Plaintiff Smith has suffered a loss of earnings, plus the value

of certain benefits, plus loss of future earning power, plus back pay, front pay and interest due

thereon.

**PRAYER FOR RELIEF**

54.    Plaintiff Smith incorporates by reference paragraphs 1 through 53 of this Complaint

as though fully set forth at length herein.

**WHEREFORE**, Plaintiff Smith requests that this Court enter judgment in her favor and

against the Defendant, and Order that:

a.      Defendant compensate Plaintiff Smith with a rate of pay and other benefits and

emoluments of employment to which she would have been entitled had she not been subjected to

unlawful discrimination;

b.      Defendant compensate Plaintiff Smith with an award of front pay, if appropriate;

c.      Defendants pay to Plaintiff Smith punitive damages, liquidated damages,

compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental

anguish, loss of enjoyment of life, and other nonpecuniary losses as allowable;

d.      Defendants pay to Plaintiff Smith pre and post judgment interest, costs of suit and

attorney and expert witness fees as allowed by law;

e.      The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff Smith demands trial by jury.


                                            SIDNEY L. GOLD & ASSOC., P.C.


                                    By:     /s/ Sidney L. Gold, Esquire
                                            SIDNEY L. GOLD, ESQUIRE
                                            I.D. No.:  21374
                                            1835 Market Street, Suite 515
                                            Philadelphia, PA 19103
                                            (215) 569-1999
                                            **Attorneys for Plaintiff**

DATED:        February 7, 2020

**VERIFICATION**

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief.  I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: 2.6.20

ELLA SMITH, PLAINTIFF